```
                FILED
        CLERK, U.S. DISTRICT COURT
                5/2/25
       CENTRAL DISTRICT OF CALIFORNIA
       BY:        MRV        DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2025 Grand Jury

| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>JORDAN DARRELL HURCOMB<br>   HALVORSEN,<br>  aka "Jo,"<br>  aka "Hh,"<br><br>        Defendant. | CR 2:25-cr-00341-PA<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1): Distribution of Child Pornography; 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2): Possession of Child Pornography; 18 U.S.C. § 2253: Criminal Forfeiture] |
|---|---|

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about August 6, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant JORDAN DARRELL HURCOMB HALVORSEN, also known as "Jo" and "Hh", knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, namely, an encrypted Internet-based messaging application, and that had been shipped and transported in and

affecting interstate and foreign commerce by any means, including by a cellular phone, knowing that the images were child pornography.

The child pornography that defendant HURCOMB HALVORSEN distributed included, but was not limited to, a file sent via the Viber application: 0-04-01-f7e9a8d16b2587865a94d5fad2ab74a964c7b8785330077c313c3103c30e9c76_948470663457dfcf.mp4.

COUNT TWO

                  [18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

     On or about August 7, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant JORDAN DARRELL HURCOMB HALVORSEN, also known as "Jo" and "Hh", knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, namely, an encrypted Internet-based messaging application, and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by a cellular phone, knowing that the images were child pornography.

     The child pornography that defendant HURCOMB HALVORSEN distributed included, but was not limited to, a file sent via the Viber application: 004-02-66fc9471c7e0abcdaefdc3c2ae8e7be10689a8f61bdbaf568f09c7f51d38f22a_f3cffac204ca6872.mp4.

COUNT THREE

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about May 10, 2023, in Los Angeles County, within the Central District of California, defendant JORDAN DARRELL HURCOMB HALVORSEN, also known as "Jo" and "Hh", knowingly possessed an iPhone 7 Plus, bearing IMEI 353808083785153, which contained child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), at least one of which was involving a prepubescent minor and a minor who had not obtained 12 years of age, and that had been shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by the Internet, knowing that the images were child pornography.

The child pornography that defendant HURCOMB HALVORSEN possessed on his iPhone included, but were not limited to, the following files:

1. 1CAF57ACCA99BD0D4639013D121322A0.jpg;
2. 0E1895613EC321EDAB04BF84231544C3.jpg;
3. ED366DC26DEBD5220308BF77112340A1.jpg;
4. C550A307D9618C5C1DF4F97F43041903.jpg;
5. B31B0CD15C5B4EE5DF173E763A7B2177.jpg;
6. A1012F708E76595B709D2ABC16315644.jpg;
7. 6F7B8ECDBBCD94EF9574606C4F754454.jpg;
8. 222989830F21ED24444F8D8767F1AD85.jpg;
9. 6C5AE97B250B98691C917635662F609C.jpg; and
10. 0FE6E20C07BCF4DF40A28A06E0203B36.mp4.

FORFEITURE ALLEGATION

[18 U.S.C. § 2253]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offenses set forth in any of Counts One through Two of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

   (a) All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

   (b) All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

   (c) All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

   (d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to

the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

*Frances S. Lewis* (signature)

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SURIA M. BAHADUE
Assistant United States Attorney
Deputy Chief, General Crimes Section